**FILED**

NOV 1 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MARLON TERRELL PRATT BEY,          )
                                    )
             Petitioner,            )
                                    )
      v.                            )          Civil Action No.  **12 1875**
                                    )
STATE OF MINNESOTA FOURTH           )
DISTRICT JUDICIAL BRANCH, *et al.*, )
                                    )
             Respondents.           )

### MEMORANDUM OPINION

This matter comes before the Court on review of the petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of mandamus. The Court will grant the application, and dismiss the petition.

The Court is mindful that pleadings filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). At a minimum, a complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendant of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to



determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). These principles apply equally to a petition for a writ of mandamus.

Petitioner alleges that his criminal conviction has been overturned and the State of Minnesota intends "to try and prosecute [him] again for the same case the Minnesota Supreme Court has overturned." Pet. at 2 (page number designated by the Court). He submits an "Affidavit of Fact" and a "Notice of Absolute Forgiveness and Discharge Forever of All Known and Unknown Estate Debts, Duties, Claims, and Liabilities," among other exhibits, yet the Court cannot discern what claim he brings against the named defendants, or a basis for this Court's jurisdiction. Accordingly, the Court will deny the petition and dismiss this action.

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: Nov. 1, 2012

2